UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOSE GAXIOLA, ) | |
|       Petitioner, ) | 3:06-cv-0516-BES-RAM |
| vs. ) | |
|     ) | ORDER |
| JACK PALMER, *et al.*, ) | |
|       Respondents. ) | |

This action is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 by pro se petitioner Jose Gaxiola, a Nevada prisoner. Before the Court is respondents' motion to dismiss (docket #10).

**I. Procedural History**

On June 20, 2003, after a jury trial, petitioner was convicted of five counts of sexual assault with a minor under the age of fourteen (counts I-V) and two counts of lewdness with a child under the age of fourteen (counts VI-VII). Petitioner's Exhibit A.[1] The District Court for Clark County sentenced petitioner to life imprisonment with the possibility of parole after twenty years for counts I-V, with the sentences for counts II-V to run concurrently to count I,

---

[1] The exhibits cited in this order in the form "Exhibit ___," are those filed by respondents in support of their motion to dismiss, and are located in the record at docket #10. The exhibits cited in this order in the form "Petitioner's Exhibit ___," are those filed by petitioner in support of his habeas petition, and are located in the record at docket #1.

and to life imprisonment with the possibility of parole after ten years for counts VI-VII, with count VII to run consecutively to count I.  *Id.*  The court entered a judgment of conviction on September 25, 2003.  *Id.*

Petitioner appealed to the Nevada Supreme Court, alleging (1) the trial court erred in allowing four witnesses to testify to hearsay under NRS 51.085, which is unconstitutional as it violates petitioner's right to confrontation under the Sixth and Fourteenth Amendments; (2) jury instruction number nine, which informed the jury that no corroboration of the victim's testimony was necessary to convict, was given in error; (3) the two lewdness convictions should be stricken as they were incidental to the sexual assaults; (4) the prosecutor committed several instances of prosecutorial misconduct; (5) the admitting and then striking of prior bad act evidence was prejudicial; (6) the trial court erred when it refused to order a psychological examination of the victim; and (7) the trial court erred in failing to suppress the petitioner's statement as he was not given his *Miranda* warnings.  Exhibit 1.

The Nevada Supreme Court affirmed the convictions for counts I-V and reversed the convictions for counts VI-VII.  *Id.*  The trial court entered an amended judgment of conviction on November 21, 2005.  *Id.*  Petitioner then filed a state habeas corpus petition, alleging eight claims of trial court error that were not raised on direct appeal and one claim of ineffective assistance of counsel.  Petitioner's Exhibit B.  The district court denied the petition, and the Nevada Supreme Court affirmed the denial on appeal.  Petitioner's Exhibits A and B.

Petitioner mailed his federal habeas corpus petition on September 27, 2006 (docket #1).  Respondents moved to dismiss the petition, alleging several grounds contained in the petition are unexhausted, and one ground fails to state a claim for federal habeas corpus relief (docket #11).  Petitioner opposes the motion to dismiss (docket #12).

**II. Petitioner's Motion for Appointment of Counsel**

After filing his opposition to respondents' motion to dismiss, petitioner filed a motion for appointment of counsel (docket #13).

There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. See *Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970).

The petition and opposition on file in this action are organized and raise the issues in a clear and understandable manner. It does not appear that counsel is justified in this instance. The motion shall be denied.

**III. Motion to Dismiss**

**A. Exhaustion of Claims**

A state prisoner must exhaust all available state remedies prior to filing a federal habeas corpus petition. 28 U.S.C. § 2254(b); *Rose v. Lundy*, 455 U.S. 509 (1982). The state courts must be given a fair opportunity to act on each claim before those claims are presented in a habeas petition to the federal district court. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999). Furthermore, a claim will remain unexhausted until a petitioner has sought review from the highest available state court through direct appeal or collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court" in order to allow a state court to correct violations of federal rights. *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)). To achieve exhaustion, the state court must be "alerted to

the fact that the prisoner [is] asserting claims under the United States Constitution." *Duncan*, 513 U.S. at 365-66. S*ee also Hiivala v. Wood,* 195 F.3d 1098, 1106 (9th Cir. 1999) (stating the "mere similarity between a claim of state and federal error is insufficient to establish exhaustion").

Furthermore, a claim is not exhausted unless a petitioner has fairly presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Tamalini v. Stewart*, 249 F.3d 895, 898 (9th Cir. 2001) (citing *Bland v. California Dept. of Corrections*, 20 F.3d 1294, 1295 (9th Cir. 1982), *overruled on other grounds by Schell v. Witek*, 218 F.3d 1017 (9th Cir. 2000) (*en banc*)). Exhaustion is not met if a petitioner presents to the federal court facts or evidence which place the claim in significantly different posture than it was in the state courts, or where different facts are presented to the federal court to support the same theory. *Conrotto v. Newland*, 188 F.3d 512 (9th Cir. 1999); *Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988).

**1. Ground Two**

In petitioner's second claim for relief he alleges that the trial court improperly gave a jury instruction stating that no corroboration of the victim's testimony was needed to convict him of sexual assault, in violation of his Fifth, Sixth and Fourteenth Amendment rights to due process, a fair trial and confrontation. In the motion to dismiss respondents argue that petitioner presented this claim to the Nevada Supreme Court on direct appeal, but raised state law violations and not federal law violations. Petitioner contends that this claim is exhausted as it presents the same facts that were presented to the Nevada Supreme Court.

While the same facts were presented to the Nevada Supreme Court, in order to exhaust a claim, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry,* 513 U.S. 364, 365 (1995). *See also Fields v. Waddinton*, 401 F.3d 1018, 1021 (9th Cir. 2005); *Hiivala v. Wood,* 195 F.3d

4

1098, 1106 (9th Cir. 1999). "The mere similarity between a claim of state and federal error is insufficient to establish exhaustion." *Hiivala*, 195 F.3d at 1106. Petitioner made no freestanding substantive federal claim to the Nevada state courts that his right to due process, a fair trial and confrontation were violated. Rather, petitioner argued to the Nevada Supreme Court on direct appeal that the jury instruction was improper under Nevada state law. Ground two of petitioner's federal habeas petition is unexhausted.

### 2. Ground Four

Petitioner alleges in his fourth claim that his Fifth, Sixth and Fourteenth Amendment rights to due process, a fair trial and confrontation were violated by the trial court's admittance and then striking of prior bad act evidence. Respondents assert that this claim was raised in the Nevada Supreme Court as a violation of NRS 48.045, and as such remains unexhausted.

Respondents' contentions are correct. Petitioner raised this claim on direct appeal but did not include in his argument any United States Constitutional violations. As the Nevada courts were not alerted to or given an opportunity to correct the federal law violations, ground four is unexhausted. *Duncan*, 513 U.S. at 365; *Hiivala*, 195 F.3d at 1106.

### 3. Ground Five

Petitioner argues in his fifth ground for relief that the trial court violated his Fifth, Sixth and Fourteenth Amendment rights to due process, a fair trial, and confrontation when it refused to order a psychological evaluation of the victim. Again, respondents argue that this claim is unexhausted as it was presented to the state courts as a state law claim rather than a federal law claim.

In the opening brief to the Nevada Supreme Court on direct appeal petitioner did assert the same claim containing the same operative facts. However, petitioner did not assert that any federal right had been violated, and only cited to Nevada Supreme Court case law. Therefore this ground remains unexhausted as petitioner did not alert the Nevada courts to the alleged federal law violations. *Duncan*, 513 U.S. at 365; *Hiivala*, 195 F.3d at 1106.

**B.  Sufficiency of Ground Six**

In ground six petitioner alleges his Fifth, Sixth and Fourteenth Amendments rights were violated when the trial court failed to suppress his statement after the police failed to read him the required *Miranda* warnings. Respondents argue that petitioner fails to state a claim as it is conclusory and self-defeating as petitioner concedes that his statement was not a custodial statement.

Petitioner raised this claim to the Nevada Supreme Court on direct appeal, and did argue that his federal rights under *Miranda* were violated. The Court has reviewed ground six in its entirety and the Court is not persuaded that ground six fails to state a claim for relief, or that it is conclusory. Petitioner properly exhausted this claim and clearly articulates federal constitutional bases for the ground.

**C.  Petitioner's Election**

The Court finds grounds two, four and five are unexhausted in state court. Consequently, the Court finds the petition in this action to be a "mixed" petition – one containing both claims exhausted in state court and claims not exhausted in state court. Under the circumstances, the Court will require petitioner to make an election. Petitioner must do one of the following: (1) abandon the unexhausted claims (grounds two, four and five), and proceed only on the exhausted claims (grounds one, three and six); or (2) move for a stay of this action, pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), so that he may return to state court and exhaust his unexhausted claims.

In *Rhines,* the Supreme Court placed limitations upon the discretion of district courts to facilitate habeas petitioners' return to state court to exhaust claims. The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay

6

when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

544 U.S. at 277. In view of *Rhines*, if petitioner wishes to return to state court to exhaust his unexhausted claims, he must make a showing of good cause for his failure to exhaust his claims, and he must show that his claims are not plainly meritless.

**IT IS THEREFORE ORDERED** that petitioner's motion for appointment of counsel (docket #13) is denied.

**IT IS FURTHER ORDERED** that respondents' motion to dismiss (docket #10) is **GRANTED IN PART AND DENIED IN PART**. The court finds that grounds two, four and five are unexhausted.

**IT IS FURTHER ORDERED** that, no later than **June 10, 2008**, petitioner shall do one of the following: (1) file and serve a Notice of Abandonment of Claims, stating that he wishes to abandon grounds two, four and five, and proceed only on grounds one, three and six; or (2) file and serve a motion for stay, requesting a stay of this action, and attempting to make the required showing fur such a stay, pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), so that he may return to state court and exhaust his unexhausted claims.

**IT IS FURTHER ORDERED** that, if petitioner files and serves a motion for stay, respondents shall have **30 days** to respond to such motion, and petitioner shall thereafter have **30 days** to reply.

///
///
///
///
///
///

7

1  **IT IS FURTHER ORDERED** that, if petitioner files and serves a notice of abandonment of claims, abandoning grounds two, four and five, respondents shall have **30 days** to file an answer, responding to grounds one, three and six, and petitioner shall thereafter have **30 days** to file a reply.

DATED this 12th day of May, 2008.

_____
UNITED STATES DISTRICT JUDGE