


**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JOSE GAXIOLA,

Petitioner,

vs.

JACK PALMER, *et al.*,

Respondents.

3:06-cv-0516-RCJ-RAM

ORDER

This action is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 by pro se petitioner Jose Gaxiola, a Nevada prisoner. The matter was stayed to allow petitioner to return to state court to exhaust grounds 2, 4, and 5 of his petition. He has now moved to reopen the case and respondents have filed a motion to dismiss these grounds on the basis of a procedural bar (docket #24). Petitioner has opposed the motion (docket #26) and moves for a extension of his prison copywork limit (docket #27).

**I. Procedural History**

On June 20, 2003, after a jury trial, petitioner was convicted of five counts of sexual assault with a minor under the age of fourteen (counts I-V) and two counts of lewdness with a child

under the age of fourteen (counts VI-VII). Petitioner's Exhibit A.[1] The District Court for Clark County sentenced petitioner to life imprisonment with the possibility of parole after twenty years for counts I-V, with the sentences for counts II-V to run concurrently to count I, and to life imprisonment with the possibility of parole after ten years for counts VI-VII, with count VII to run consecutively to count I. *Id.* The court entered a judgment of conviction on September 25, 2003. *Id.*

After having completed a full round of state court appellate and post-conviction proceedings, petitioner mailed his federal habeas corpus petition on September 27, 2006 (docket #1). Respondents moved to dismiss the petition, alleging several grounds contained in the petition are unexhausted because they had not been presented as federal violations, and one ground fails to state a claim for federal habeas corpus relief (docket #11). Petitioner opposed the motion to dismiss (docket #12) and the court determined that grounds two, four and five were unexhausted. The court allowed petitioner to return to the state courts to exhaust his claims and petitioner relies upon his original petition as fully exhausted.

In moving to dismiss grounds two, four and five, respondents note that the state courts denied petitioner relief on his most recent state petition on the basis of state procedural laws.. Respondents renew their argument that ground six of the petition fails to state a claim. This argument was rejected by the court previously and will not be reconsidered here.

## II. Motion to Dismiss

### A. Procedural Bar

The doctrine of procedural default generally prohibits a federal court from considering a specific habeas ground where the state's highest court declined to reach the merits of that claim on procedural grounds. *See Murray v. Carrier*, 477 U.S. 478 (1986); Engle v. Isaac, 456 U.S. 107

---

[1] The exhibits cited in this order in the form "Exhibit ___," are those filed by respondents in support of their motion to dismiss, and are located in the record at docket #10. The exhibits cited in this order in the form "Petitioner's Exhibit ___," are those filed by petitioner in support of his habeas petition, and are located in the record at docket #1.

(1982). In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review is barred unless he can demonstrate cause for the default, and actual prejudice, or demonstrate that the failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750(1991). Before a federal court finds procedural default, it must determine that the state court explicitly invoked a state procedural bar as a separate basis for its decision. *Id.* at 729-30; *McKenna v. McDaniel*, 65 F.3d 1483, 1488 (9th Cir.1995), cert. denied, 517 U.S. 1150 (1996). The state rule cited must be "clear, consistently applied, and well-established at the time of the petitioner's purported default." *Calderon v. United States Dist. Court for the E. Dist. of Cal.*, 96 F.3d 1126, 1129 (9th Cir.1996).

In petitioner's second claim for relief he alleges that the trial court improperly gave a jury instruction stating that no corroboration of the victim's testimony was needed to convict him of sexual assault, in violation of his Fifth, Sixth and Fourteenth Amendment rights to due process, a fair trial and confrontation.

Petitioner alleges is his fourth claim that his Fifth, Sixth and Fourteenth Amendment rights to due process, a fair trial and confrontation were violated by the trial court's admittance and then striking of prior bad act evidence.

Petitioner argues in his fifth ground for relief that the trial court violated his Fifth, Sixth and Fourteenth Amendment rights to due process, a fair trial, and confrontation when it refused to order a psychological evaluation of the victim.

In response to petitioner's federalized claims in his second turn through state court, relief was denied on the bases of Nevada law. Motion to Reopen (docket # 20), p. 21-23. Specifically, the Nevada Supreme Court affirmed the state district court's determination that the petition was untimely filed under NRS 34.726(1) and successive under NRS 34.810. These Nevada statutes have been found to be consistently applied and sufficient to bar this court's review of the claims. *Loveland v. Hatcher*, 231 F.3d 640 (9th Cir.2000); *Moran v. McDaniel*, 80 F.3d 1261, 1269

-1270 (9th Cir. 1996).

Having determined that petitioner suffered procedural default on grounds two, four and five, our review of these claims are foreclosed unless petitioner can satisfy one of two tests: to overcome procedural default, Petitioner must establish either (1) "cause for the default and prejudice attributable thereto," or (2) "that failure to consider [his defaulted] claim[s] will result in a fundamental miscarriage of justice." *Harris v. Reed*, 489 U.S. 255, 262 (1989) *(citations omitted)*.

Petitioner opposes dismissal arguing his youth and ignorance of the law has prevented him from successfully exhausting his federal claims. Unfortunately for petitioner, his argument are unavailing. Cause to overcome a procedural bar must be some impediment external to the defense - that is to say, so roadblock apart from himself or his legal counsel which actually prevented him from knowing of or presenting to the state court the basis of his claims. Because petitioner raised the factual bases of his claims to the state courts in his original appeal and post-conviction proceedings, albeit as state law claims, he has not shown any good reason why those claims could not have been presented in their federal guise.

A petitioner might overcome a procedural bar by demonstrating that dismissal of his he is actually innocent of the charges. *Schlep v. Delo,* 513 U.S. 298 (1995). To make a showing of actual innocence, petitioner must present new and compelling evidence of that fact. *See Smith v. Murray,* 477 U.S. 527, 537 (1986) *(citing Murray v. Carrier,* 477 U.S. at 496)*; see also Engle,* 456 U.S. at 134-35. Petitioner has not made such a showing. He merely notes that he has consistently denied any role in the "apparent crimes. . . ." Opposition to Motion to Dismiss, p. 4. Such assertions are insufficient to meet the standard under *Schlep* and *Smith, supra.* As a result, grounds two, four, and five of the petition must be dismissed with prejudice.

**III. Motion for Copywork**

Petitioner's motion for copywork for the sole purpose of completing this habeas corpus action shall be granted. Prison officials shall be directed to allow petitioner to accrue indebtedness in excess of the $100 limit for purposes of completing the litigation of this federal

habeas action.

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (docket #24) is **GRANTED IN PART AND DENIED IN PART**. The court finds that grounds two, four and five are procedurally barred. Those grounds are **dismissed with prejudice**. Ground six shall not be dismissed.

**IT IS FURTHER ORDERED** that respondents shall have thirty days from entry of this order to file their response to the surviving claims in the petition. Thereafter, petitioner shall have thirty days to file his reply.

**IT IS FURTHER ORDERED** that petitioner's motion to extend copywork limit (docket #27) is **GRANTED**. Petitioner shall be permitted to obtain copies necessary to complete the litigation of this federal habeas action.

DATED this 27th day of December 2010.

UNITED STATES DISTRICT JUDGE