UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JOSE GAXIOLA,  )
   )
      Petitioner,  )   3:06-cv-0516-RCJ-RAM
   )
vs.   )
   )   ORDER
JACK PALMER, *et al.*,  )
   )
   )
      Respondents.  )
_____/

This action is on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 by pro se petitioner Jose Gaxiola, a Nevada prisoner. The matter was stayed to allow petitioner to return to state court to exhaust grounds 2, 4, and 5 of his petition. Thereafter, the Court entertained a motion to dismiss which resulted in a finding that grounds 2, 4 and 5 were procedurally barred. (ECF No. 28.) Respondents have now filed their Answer (ECF No. 29) and petitioner his Reply (ECF No. 32).

**I.  Procedural History**

The procedural history of these proceedings has been fully set forth in the Court order on the second motion to dismiss (ECF No. 28) and shall not be repeated here.

**II.  Habeas Standard**

28 U.S.C. §2254(d), a provision of the Antiterrorism and Effective Death Penalty Act (AEDPA), provides the standards of review that this Court applies to the petition in this case:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --
>
> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d).

A state court decision is contrary to clearly established Supreme Court precedent, within the meaning of 28 U.S.C. §2254, "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Supreme Court's] precedent." *Lockyer v. Andrade*, 538 U.S. 63, 123 S.Ct. 1166, 1173, 155 L.Ed.2d 144 (2003) (*quoting Williams v. Taylor*, 529 U.S. 362, 405-06, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000), and *citing Bell v. Cone*, 535 U.S. 685, 694, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002).

A state court decision is an unreasonable application of clearly established Supreme Court precedent, within the meaning of 28 U.S.C. §2254(d), "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer v. Andrade*, 538 U.S. at 74, 123 S.Ct. at 1174 (*quoting Williams*, 529 U.S. at 413, 120 S.Ct. 1495). The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous; the state court's application of clearly established law must be objectively unreasonable. *Id*. (*quoting Williams*, 529 U.S. at 409, 120 S.Ct. 1495).

In determining whether a state court decision is contrary to federal law, this Court looks to the state courts' last reasoned decision. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04

(1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000), *cert. denied*, 122 S.Ct. 324 (2001). With respect to pure questions of fact, "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. §2254(e)(1).

If there is no reasoned decision upon which the Court can rely, then it must make an independent review of the record to determine whether the state court clearly erred in its application of controlling federal law. *See Delgado v. Lewis,* 223 F.3d 976, 982 (9th Cir.2000).

**A. Ground One**

> The introduction of testimony from family members as to statements made by the child victim violated petitioner's right to confront the witnesses against him as guaranteed by the Fifth Sixth and Fourteenth Amendments as established in *Crawford v. Washington*, [541 U.S. 36,] 124 S.Ct. 1354 (2004).

Petitioner alleges that the Nevada statute (NRS 51.085),[1] which allows for hearsay statements of a child sexual assault victim to be admitted at trial, is unconstitutional in violation of the confrontation clause. Although he acknowledges that the child victim appeared and testified at trial, he argues that the statements made by witnesses brought to the stand *before* the victim appeared and testified, makes those statements inadmissible under *People v. Price,* 120 Cal.App.4th 224, 15 Cal.Rptr.3d 229 (2004).

The Nevada statute under discussion provides:

> 1. In addition to any other provision for admissibility made by statute or rule of court, a statement made by a child under the age of 10 years describing any act of sexual conduct performed with or on the child or any act of physical abuse of the child is admissible in a criminal proceeding regarding that act of sexual conduct or physical abuse if:
>
> (a) The court finds, in a hearing out of the presence of the jury, that the time, content and circumstances of the statement provide sufficient circumstantial guarantees of trustworthiness; and

---

[1] The Court believes petitioner has misidentified the Nevada Statute to which he refers. Nev. Rev. Stat. (NRS) 51.385 addresses the admissibility of child sex assault victims' out of court statements. NRS 51.085 addresses present sense impressions, an area of hearsay not at issue here.

3

1              (b) The child testifies at the proceeding or is unavailable or
                   unable to testify.

NRS 51.385.

In *Crawford*, the United States Supreme Court held that in order for prior testimonial evidence to be admissible, the Sixth Amendment "demands … unavailability and a prior opportunity for cross-examination." *Michigan v. Bryant,* 131 S.Ct. 1143, 1153, quoting *Crawford v. Washington,* 541 U. S.36, 68, 124 S.Ct.1354, 1374 (2004).  Evidence is testimonial if it is testimony offered at a prior trial, before a grand jury, a preliminary hearing or obtained during police interrogations. *Id.* Under *Crawford*, however, so long as the declarant appears at trial and is subject to cross-examination, that witnesses out-of-court statements are admissible. *Crawford,* 541 U.S., at 59-60, 124 S.Ct. 1354.

This claim was denied by the Nevada Supreme Court on direct appeal applying *Crawford* reasonably and making objectively reasonable factual findings. *See, Gaxiola v. State,* 121 Nev. 638, 645-647, 119 P.3d 1225, 1230-31 (2005).  The state court properly concluded that *Price*, *supra.,* offers nothing to support petitioner's arguments because it dealt with a declarant that was unavailable to testify.  Here the child victim appeared to testify and was cross-examined before the jury.  Finally, the court properly declined to determine the constitutionality of NRS 51.385 where the victim was present and did testify.  Ground one shall be denied.

### B.     Ground Three

In ground three of the petition, petitioner claims prosecutorial misconduct, where the prosecutor (a) offered his personal opinion during arguments, (b) asked a defense witness to comment on the veracity of another witness, (c) suggested the victim's testimony had been corroborated, (d) elicited and argued post-arrest silence, (e) blamed petitioner for not scheduling a polygraph, (f) argued the victim was a "good and credible kid," and (g) argued petitioner needed to pay for his actions.

In considering claims of prosecutorial misconduct, the relevant question is whether

the prosecutors' comments "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright,* 477 U.S. 168, 181, 106 S.Ct. 2464, 2471 (1986).

In considering petitioner's various prosecutorial misconduct claims, the Nevada Supreme Court determined that several of them did not require discussion and summarily denied them as meritless. Those claims include (a) the prosecutor offering his opinion, (c) misstating evidence regarding corroboration, (e) commenting on petitioner's failure to take a polygraph, (f) describing the victim as a "good and credible kid, " and (g) discussing penalty or punishment. *Gaxiola,* 121 Nev. at 653. The Nevada Supreme Court considered the remaining to claims more closely.

As to subpart (b), the Nevada Supreme Court concluded that, while it was improper for the prosecutor to ask a defense witness to comment on the veracity of another witness, in the instant case, the prosecutor had not acted with wrongful intent and the error did not affect Gaxiolo's substantial rights.

The Ninth Circuit has interpreted *Darden* to require a two-step inquiry: the first question is whether the prosecutor's actions were improper; if so, the court must determine whether the prosecutor's actions infected the trial and rendered it "fundamentally unfair." *Drayden v. White*, 232 F.3d 704, 713 (9th Cir.2000) (citing *Darden*, 477 U.S. at 181); *Tan v. Runnels*, 413 F.3d 1101, 1113 (9th Cir.2005). Thus, it appears that the Nevada Supreme Court's consideration of this claim was not an objectively unreasonable application of clearly established federal law. The court considered the motive for the prosecutor's actions and then considered the action's impact on the fairness of the trial.

As to subpart (e), which alleges the prosecutor improperly commented on petitioner's post-arrest silence, the Nevada Supreme Court also considered this claim more closely, applying *Doyle v. Ohio,* 426 U.S. 610, 96 S.Ct. 2240 (1976) (concluding that use of the defendant's post-arrest silence to impeach his exculpory story told at trial violates due process). The Nevada Supreme Court recognized that silence in the wake of *Miranda* warnings may be nothing more than

the arrestee's exercise of those rights, citing *Doyle*. The state court examined the circumstances and concluded the error was not harmless where the prosecutor questioned and commented on petitioner's failure to recant his interview after arrest. The court concluded that because the case did not rest solely on the testimony of the victim verses that of the defendant, the error did not deny petitioner due process. *Gaxiola,* 121 Nev. at 656.

Petitioner has not shown that this determination was objectively unreasonable either in application of federal law or in any factual determination. Ground three must be denied.

**C.    Ground Six**

Petitioner claims: "The petitioner was not given his Miranda rights when interrogated by the police; his statement should be suppressed." Petitioner argues his voluntary interview with police required *Miranda* warnings considering that he was "badgered" by police. He acknowledges that he was at the interview "of his own free will" and did not have to be there. He notes he was not advised that he could leave the interview at any time. He further argues that police represented the evidence.

In order for *Miranda* warnings to be necessary, the court must make two distinct determinations: "first, what were the circumstances surrounding the interrogation; and second, given those circumstances, would a reasonable person have felt he or she was not at liberty to terminate the interrogation and leave." *Thompson v. Keohane,* 516 U.S. 99, *112, 116 S.Ct. 457, 465 (1995).

Based upon the facts alleged in the petition, it is clear that petitioner was at the police state voluntarily and that he was not under arrest for purposes of *Miranda*. Thus, any statement he made to police during the voluntary interview was not coerced or made under conditions which would have make him believe he was not free to leave. Petitioner need not be advised of his right to remain silent in these circumstances.

The Nevada Supreme Court found that petitioner"consented to a police interview" wherein his story of the events changed from claiming no sexual contact occurred to blaming the child for initiating the sexual encounters. This factual finding is reasonable given petitioner's own

statements in his petition. Thus, the interview was not custodial and petitioner's statements made to police during the voluntary interview without *Miranda* warnings were properly admitted at trial.

Ground six is without merit and petitioner has not demonstrated that the Nevada Supreme Court's handling of the claim was improper under 28 U.S.C. § 2254. It must be denied.

### III.     Certificate of Appealability

Should petitioner wish to appeal this decision, he must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.*

Pursuant to the December 1, 2009 amendment to Rule 11 of the Rules Governing Section 2254 and 2255 Cases, district courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a). This Court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard. The Court will therefore deny petitioner a certificate of appealability.

**IT IS THEREFORE ORDERED** that the petition is **DENIED.**

**IT IS FURTHER ORDERED** that no Certificate of Appealability is warranted and none shall issue.

1 | The Clerk shall enter judgement accordingly.
2 | Dated this 14th day of June, 2011.

_____
UNITED STATES CHIEF DISTRICT JUDGE